*In re* LAING.

No. 5469.   Opinion Filed October 13, 1914.

(143 Pac. 665.)

1.   **APPEAL AND ERROR**—Designation of Parties—Appeal from County Commissioners. This being an appeal from the board of county commissioners, disallowing a claim, the same is properly styled, and the appeal will not be dismissed because the cause is not styled plaintiff in error and defendant in error, respectively.

2.   **CLERKS OF COURTS**—District Clerk—Amount of Salary. Under the provisions of section 1, c. 60, Sess. Laws 1911, where the population of a county is 18,825, the salary of a clerk of the district court is based upon 18,000 population and not upon 19,000 population, in the absence of a statute permitting fractions of a thousand to be counted as 1,000.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*J. W. Steen, Judge.*

A claim of George H. Laing was rejected by the Board of County Commissioners of Kingfisher County. From a judgment of the District Court, reversing the ruling of the Commissioners, the Board of Commissioners appeal. Reversed and rendered.

*W. B. Blair,* Co. Atty., for plaintiff in error.

*F. L. Boynton,* for defendant in error.

LOOFBOURROW, J.   This case involves the construction of section 1, c. 60, Sess. Laws 1911, which act provides, in substance, that the clerk of the district court shall receive as salary, in counties having a population in excess of 7,000 and not to exceed 10,000, the sum of $1,300 per annum, and in addition to the foregoing, he shall receive the sum of $50 for each additional 1,000 inhabitants up to 20,000 inhabitants. The case was submitted upon an agreed statement of facts, wherein it was admitted that George H. Laing was the duly elected, qualified, and acting clerk of the district court in and for Kingfisher county, and that the population of Kingfisher county, at that time, as shown by the federal census, was 18,825. The clerk contends that his salary should be upon the basis of 19,000 inhabitants, and the amount in controversy in this case is the sum of $8,28, the same being for the months of January and February, 1913, being based upon the nineteenth thousand of population. The claim was presented to the board of county commissioners and disallowed, and appeal taken to the district court, where the ruling of the county commissioners was reversed, and they were ordered to pay said claim. From the judgment of the district court the board of county commissioners appeals. The petition in error states that the board of county commissioners of Kingfisher county, state of Oklahoma, are the plaintiffs in error, and that George H. Laing is the defendant in error.

The defendant in error asks that this appeal be dismissed, for the reason that the petition in error is not properly styled.

contending that the style of the case should be designated in the caption of the petition in error:

"The Board of County Commissioners of Kingfisher County, Oklahoma, Plaintiff in Error, v. George H. Laing, Defendant in Error."

This is a summary proceeding, and was originally commenced by the claimant filing with the county clerk a claim or voucher for his salary. It is not necessary that a petition be filed, or that a summons issue, but the mere filing of the claim with the clerk is sufficient to secure the action of the board of county commissioners thereon. They either approve or reject the same. Section 1640, Rev. Laws 1910, provides for an appeal from all decisions of the board of county commissioners, by persons aggrieved, to the district court. The appeal being perfected, the case is then tried *de novo*. There is no statute requiring that this appeal be styled as other actions in the district court, and it is and has been the common practice in this state for such appeals to be docketed and styled in the district court similar to the style in this case. No objection was urged in the district court to the style of the cause, and both parties came in and submitted themselves to the jurisdiction of the court, and no good purpose can be served by a dismissal of this appeal. This court has entertained appeals similarly styled. See *In re Application of State to Issue Funding Bonds,* 40 Okla. 145, 136 Pac. 1104; *In re Colling's Guardianship,* 40 Okla. 629, 140 Pac. 141; *In re Herod's Estate,* 40 Okla. 313, 137 Pac. 1174; *In re Intrastate Express Rates,* 40 Okla. 237, 138 Pac. 382; *In re Theimer et al.,* 40 Okla. 235, 137 Pac. 358. And to dismiss this for that reason would be extremely technical, and would establish a precedent whereby great injustice might result. The motion to dismiss will not be entertained.

The next question involved is whether or not it was intended by the Legislature, by the provisions of the statute, *supra,* that a clerk was entitled to $50 for each 1,000 population in excess of 10,000 and for each fraction of 1,000. Counsel have not called our attention to a case involving this exact question, and in one of the briefs it is stated that they have been unable to

find such a case, and that the West Publishing Company, at their request, have reported the same result. The language of the statute is clear. It bases the salary upon a per thousand population basis. If the population of Kingfisher county were 10,800, the salary would be $1,300 per annum. Before the officer is entitled to the additional $50 per annum, a complete additional 1,000 inhabitants must exist therein; 18,825 is not equivalent to 19,000. The salary is fixed by the statute, and in the absence of a statutory provision allowing that a minor or major fraction of 1,000 be counted as 1,000, the claimant is not entitled to any additional compensation for such fractional 1,000.

The judgment of the trial court is reversed and rendered.

All the Justices concur.